IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BILL TATUM,**                                                                                              **PLAINTIFF**

**V.**                                                                                                       **NO. 4:06CV52-P-D**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL,**                                                            **DEFENDANTS**

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal.  Plaintiff, an inmate currently incarcerated in the Mississippi State Penitentiary at Parchman, files this complaint pursuant to 42 U.S.C. § 1983.  Plaintiff states that he is incarcerated for a crime which he is not being given proper credit for time that he spent in a county jail before going to Parchman and that had he received this credit his sentence would have expired.  He asks that he be released from incarceration.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).  The relief sought by the prisoner or the label he places upon the action is not the governing factor.  *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983.  If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997)

(*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If plaintiff is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983, and this case must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that plaintiff has exhausted state court remedies. It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)). Until plaintiff does this he is ineligible to pursue habeas corpus relief in this court.

A final judgment in accordance with this opinion will be entered.

THIS the 20th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE